**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MARIANELA PEREZ RODRIGUEZ,  )
                                         )
      Petitioner,                )
                                           )
      v.                     )      Case No. 1:26-cv-0165-SNLJ
                                         )
WARDEN STE. GENEVIEVE COUNTY  )
DETENTION CENTER, et al.,      )
                                         )
      Respondents.

## MEMORANDUM AND ORDER

Petitioner Marianela Perez Rodriguez, a federal immigration detainee, brings a Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order.[1] ECF Nos. 1 and 2. Because it plainly appears that Petitioner is not entitled to relief, the Court will dismiss the Petition and deny the Motion as moot. *See* 28 U.S.C. § 2243.

### Background

The Court notes that Petitioner has already brought a virtually identical Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order on June 22, 2026. *See Perez Rodriguez v. Stolzer*, No. 1:26-cv-149-ZMB (E.D. Mo.). The Petition and Motion for Temporary Restraining Order were denied and dismissed in that case on June 26, 2026. *Id*. No appeal has been filed in that case.

---

[1] This petition is filed by and through Petitioner's next friend Yefry Jose Bracho Bracho on the basis that she has neither a "command on the English language" nor access to "legal resources and outside communication." ECF No. 1 at 11. Bracho claims to be a close family member of Petitioner. *Id*. A "next friend" may pursue a habeas corpus action on behalf of a detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). Such status is appropriate where, as here, the detainee is unable to prosecute the action on their own. *Id*. at 163–64.

**The Petition**

Petitioner is a Venezuelan citizen who was paroled into the United States in 2022. ECF No. 1 at 7. Petitioner has a pending asylum application. *Id*. She was a beneficiary of Temporary Protected Status (TPS) for Venezuelan nationals, but the TPS program was terminated as of April 2, 2025. ECF No. 1-3 at 60-64, *see generally Guevara-Hernandez v. Blanche*, No. 1:26-CV-59-ZMB, 2026 WL 1728803, at *1 (E.D. Mo. June 15, 2026) (describing the history of Venezuela's TPS designation). In May 2026, Petitioner was detained after she appeared for a check-in with ICE. ECF No. 1 at 13.

Petitioner, through Bracho, filed her petition on July 10, 2026. ECF No. 1. The petition contends that: (1) Petitioner is subject to detention under 8 U.S.C. § 1226(a) rather than section 1225(b), and as such, the lack of an individualized assessment violates the INA and Fifth Amendment; (2) her continued detention without a hearing violates the Fifth Amendment; (3) her continued detention violates substantive due process; (4) the bar on immigration judges reviewing the legality of detention constitutes a suspension of the writ of habeas corpus; (5) "a categorical no-bond policy" and potential removal violates the Administrative Procedures Act, and (6) the Government intends to remove her to a third county without the required screening pursuant to the Convention Against Torture. *Id.* at 15-17. Alongside the petition, Petitioner moved for a temporary restraining order seeking an individualized custody determination under 8 U.S.C. § 1226(a). ECF No. 2.

**LEGAL STANDARD**

"Writs of habeas corpus may be granted by . . . district courts . . . within their respective jurisdiction" if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(a), (c)(3). "Habeas is at its core a remedy for unlawful executive

detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). If the petitioner's detention is lawful, "the writ of habeas corpus shall not extend to [the] prisoner." 28 U.S.C. § 2241(c). Once a habeas petition is filed, the Court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### DISCUSSION

Nearly all of Petitioner's claims are foreclosed by rulings from the Eighth Circuit and this Court. *See Avila v. Bondi*, 170 F.4th 1128, 1133–38 (8th Cir. 2026) (finding that a similarly situated petitioner was "seeking admission" and thus subject to mandatory detention under section 1225(b))[2]; *Lugo-Solet v. Mullin*, No. 1:26-CV-52-ZMB, 2026 WL 1162233, at *3 (E.D. Mo. Apr. 29, 2026) (collecting cases) (denying similar constitutional arguments); *Guevara-Hernandez*, 2026 WL 1728803, at *6 (rejecting Suspension Clause claim). And her last claim seeking to enjoin her removal to a third country as well as the similar portions of her claim under the APA fail because the "writ of habeas corpus is not the proper [vehicle]" where a petitioner seeks to attack something other than "the validity of [her] conviction or the length of [her] detention." S*ee Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014).

### CONCLUSION

Accordingly, the Court **DISMISSES** this action because it plainly appears that Petitioner Marianela Perez Rodriguez is not entitled to relief and **DENIES** her Motion for Temporary Restraining Order as moot. A separate Order of Dismissal will accompany this order.

---

[2] The Eighth Circuit's decision in *Avila* forecloses Petitioner's APA claim as to the "categorical no-bond policy." *See, e.g.*, *Rodriguez v. Jeffreys*, 2025 WL 3754411, at *14 (D. Neb. Dec. 29, 2025).

So ordered this 23rd day of July, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE